UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| ICON STRUCTURES, INC., | ) | |
|---|---|---|
| Plaintiff/Counter Defendant, | ) | |
| v. | ) | Case No. 19-cv-1009-JWB-TJJ |
| 84 LUMBER COMPANY, L.P., | ) | |
| Defendant/Counter Claimant/Third Party Plaintiff, | ) | |
| v. | ) | |
| LATCO TRUSS, INC., | ) | |
| Third Party Defendant. | ) | |

## NOTICE AND ORDER TO PLAINTIFF TO SHOW CAUSE

**To Plaintiff Icon Structures, Inc.**

On January 17, 2019, Plaintiff Icon Structures, Inc. filed a Complaint naming as Defendant 84 Lumber Company, L.P.[1] The Complaint fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as § 1332 requires. In paragraph 2 of the Complaint, Plaintiff alleges Defendant 84 Lumber Company, L.P. "is a Pennsylvania limited partnership with its principal place of business in Eighty Four, Washington County, Pennsylvania, 15330."[2] The Complaint also alleges Plaintiff is a Kansas corporation.[3] On

---

[1] ECF No. 1.

[2] *Id.* ¶2.

[3] *Id.* ¶1.

March 6, 2019, Defendant 84 Lumber Company, L.P. filed its Answer and Counterclaim and admitted the allegations of paragraph 2 of the Complaint.[4]

For diversity jurisdiction purposes, a person is a citizen of the state where she resides.[5] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[6] If the business is a limited partnership, its citizenship is determined by the citizenship of each partner.[7]

Here, the Complaint identifies Defendant 84 Lumber Company, L.P.'s organizational structure as a limited partnership. But neither Plaintiff nor Defendant 84 Lumber Company, L.P. identifies the citizenship of any of the members of Defendant 84 Lumber Company, L.P. The allegations thus fail to establish Defendant 84 Lumber Company, L.P.'s citizenship for diversity jurisdiction purposes.

---

[4] ECF No. 4 ¶2 (adding a more precise address but admitting it is a Pennsylvania limited partnership).

[5] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[6] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[7] *See Watkins v. Terminix Intern. Co., Ltd. P'ship*, 976 F. Supp. 1397, 1398 (D. Kan. 1997) (whether limited partnership has citizenship which is diverse from that of plaintiff depends on citizenship of respective partners).

Plaintiff bears the burden to establish that federal court jurisdiction is proper.[8] In addition, the Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[9] and, "without jurisdiction, must dismiss the case."[10]

The Court cannot determine the citizenship of Defendant 84 Lumber Company, L.P. from the information Plaintiff has provided in the Complaint. Consequently, the Court cannot conclude that Plaintiff and Defendant are diverse for purposes of subject matter jurisdiction. The Court thus directs Plaintiff to show cause in writing **on or before March 21, 2019** why the Court should not dismiss this case because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that **on or before March 21, 2019,** Plaintiff Icon Structures, Inc. is required to show good cause in writing to U.S. District Judge John W. Broomes why the court should not dismiss this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 7th day of March, 2019.

_____
Teresa J. James
U. S. Magistrate Judge

---

[8] *Wanjiku v. Johnson County, Kansas,* 173 F. Supp.3d 1217, 1223 (D. Kan. 2016).

[9] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[10] *Wanjiku,* 173 F. Supp.3d at 1223.