IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ICON STRUCTURES, INC., | ) | |
| | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | Case No. 6:19-cv-1009 |
| | ) | |
| v. | ) | |
| | ) | |
| 84 LUMBER COMPANY, L.P., | ) | |
| | ) | |
|     Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 84 LUMBER COMPANY, L.P., | ) | |
| | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUSS OPS NORTH, LLC | ) | |
| d/b/a LATCO TRUSS, | ) | |
| | ) | |
|     Third-Party Defendant. | | |

## 84 LUMBER COMPANY L.P.'S AMENDED THIRD-PARTY COMPLAINT

COMES NOW Defendant/Third-Party Plaintiff 84 Lumber Company L.P. (hereinafter "84 Lumber"), by and through its counsel of record, and for its Amended Third-Party Complaint against Defendant Truss Ops North, LLC d/b/a Latco Truss (hereinafter "Truss Ops North"), states as follows:

### THE PARTIES

1. Plaintiff (hereinafter "Icon") is a general contractor with a principal place of business at 1620 E. Highway 54, Andover, Kansas 67002.

2. Defendant/Third-Party Plaintiff 84 Lumber is a Pennsylvania limited partnership with its principal place of business at 200 Route 519, Eighty Four, Washington County, Pennsylvania, 15330.

3. Third-Party Defendant Truss Ops North is a Texas limited liability company with a principal place of business at 2509 Pridemore Drive, Lincoln, Arkansas 72744.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states as defined by 28 U.S.C. § 1332(c)(1) and the amount in controversy exceeds $75,000.

5. This Court is the proper venue for this civil action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims stated below occurred in this district.

## FACTS COMMON TO ALL COUNTS

6. In June 2017, Icon and 84 Lumber entered into an agreement for 84 Lumber to provide trusses and associated hardware in exchange for compensation related to the construction of a building known as the Primrose of Blue Valley, located at 8300 W. 165th Street, Overland Park, Kansas 66085 (the Project).

7. On or about June 17, 2017, 84 Lumber ordered a truss package with hardware from Truss Ops North that were requested by Icon pursuant to the plans and specifications provided by Icon.

8. Icon filed its Complaint on January 17, 2019, alleging breach of contract and breach of implied warranty of merchantability against 84 Lumber. Plaintiff alleges that the trusses manufactured for the project were improperly manufactured, defective, and

nonconforming to the project plans and specifications. Plaintiff seeks an amount of at least $267,786.50 in damages related to the defective trusses.

9. Icon further alleges that it provided construction drawings and other information requested by Truss Ops North for the manufacture of the trusses.

## COUNT I
## BREACH OF IMPLIED WARRANTY

10. 84 Lumber incorporates by reference all the allegations contained in paragraph 1-9 above as if fully set forth herein.

11. Truss Ops North impliedly warranted to 84 Lumber that its work would be free from defects and would be performed in a workmanlike manner.

12. 84 Lumber denies that Icon has been damaged or that 84 Lumber is liable to Plaintiff for the alleged damages it claims in connection with the purportedly defective trusses. However, if 84 Lumber is found liable to Plaintiff, then Truss Ops North breached its implied warranties of workmanlike performance which is the primary cause of part, or all, of 84 Lumber and Plaintiff's alleged damages.

WHEREFORE 84 Lumber respectfully requests that if the jury finds that 84 Lumber is liable to Plaintiff for the causes of actions asserted in Plaintiff's Complaint, then Truss Ops North is liable for part, or all, of Plaintiff's claims, and judgment must be entered against Truss Ops North. 84 Lumber also requests that Truss Ops North be required to pay 84 Lumber's attorney fees, costs, and expenses incurred in connection with defending this action and for such other and further relief the Court deems just and necessary.

## COUNT II
## NEGLIGENCE

13. 84 Lumber incorporates by reference all the allegations contained in paragraph 1-12 above as if fully set forth herein.

14. Truss Ops North had a duty to use ordinary care in connection with its respective role in the construction and manufacture of the trusses used in the Project, as described in Plaintiff's Complaint. 84 Lumber relied on Truss Ops North for its expertise and to perform its work in a workmanlike and non-negligent manner.

15. 84 Lumber denies that Icon has been damaged or that 84 Lumber is liable to Plaintiff for the alleged damages it claims in connection with the purportedly defective trusses. However, if 84 Lumber is found liable to Plaintiff, then Truss Ops North breached its duty by failing to perform its respective scope of work related to the purportedly defective trusses in a reasonable and workmanlike manner. Truss Ops North's breach is then the primary cause of part, or all, of 84 Lumber and Plaintiff's alleged damages.

WHEREFORE 84 Lumber respectfully requests that if the jury finds that 84 Lumber is liable to Plaintiff for the causes of actions asserted in Plaintiff's Complaint, then Truss Ops North is liable for part, or all, of Plaintiff's claims, and judgment must be entered against Truss Ops North. 84 Lumber also requests that Truss Ops North be required to pay 84 Lumber's attorney fees, costs, and expenses incurred in connection with defending this action and for such other and further relief the Court deems just and necessary.

## COUNT III
## BREACH OF CONTRACT

16. 84 Lumber incorporates by reference all the allegations contained in paragraph 1-15 above as if fully set forth herein.

17. Pursuant to its Agreement with 84 Lumber, Truss Ops North was obligated to perform its work in a workmanlike and quality manner.

18. 84 Lumber denies that Icon has been damaged or that 84 Lumber is liable to Plaintiff for the alleged damages it claims in connection with the purportedly defective trusses. However, if 84 Lumber is found liable to Plaintiff, then Truss Ops North breached the Agreement by failing to perform its respective scope of work related to the purportedly defective trusses in a reasonable and workmanlike manner. Truss Ops North's breach of the agreement is the primary cause of part, or all, of 84 Lumber and Plaintiff's alleged damages.

WHEREFORE 84 Lumber respectfully requests that if the jury finds that 84 Lumber is liable to Plaintiff for the causes of actions asserted in Plaintiff's Complaint, then Truss Ops North is liable for part, or all, of Plaintiff's claims, and judgment must be entered against Truss Ops North. 84 Lumber also requests that Truss Ops North be required to pay 84 Lumber's attorney fees, costs, and expenses incurred in connection with defending this action and for such other and further relief the Court deems just and necessary.

Respectfully submitted this 13th day of June, 2019.

GORDON REES SCULLY
MANSUKHANI, LLP

/s/ *Tony Shapiro*
Tony Shapiro, KS #17965
GORDON REES SCULLY MANSUKHANI LLP
8101 College Blvd., Suite 100
Overland Park, KS 66210
Telephone: (816) 303-0815
Facsimile: (913) 945-1101
Email: tshapiro@grsm.com
*Attorney for 84 Lumber Company, L.P.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 13th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent a copy of the foregoing by electronic mail to the following:

Jeffrey D. Leonard
Amy Fellows Cline
Triplett Woolf Garretson, LLC
2959 North Rock Road, Suite 300
Wichita, Kansas 67226
jdleonard@twgfirm.com
amycline@twgfirm.com
*Attorneys for Icon Structures, Inc.*

John Franke
Danielle Uzelac
Franke Schultz & Mullen, PC
8900 Ward Parkway
Kansas City, MO
jfranke@fsmlawfirm.com
duzelac@fsmlawfirm.com
*Attorneys for Truss Ops North, LLC*

              */s/ Tony Shapiro*
              for Gordon Rees Scully
              Mansukhani LLP