**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| ICON STRUCTURES, INC., )<br>)<br>Plaintiff/Counter Defendant, )<br>)<br>v. )<br>)<br>84 LUMBER COMPANY, L.P., )<br>)<br>Defendant/Counter Claimant/ )<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TRUSS OPS NORTH, LLC )<br>d/b/a LATCO TRUSS, )<br>)<br>Third Party Defendant. )<br>_____) | Case No.  6:19-cv-1009-JWB |

**PRETRIAL ORDER**

A pretrial conference was conducted in this case by telephone on March 12, 2020, by U.S. Magistrate Judge Teresa J. James. The plaintiff, Icon Structures, Inc. ("Icon"), appeared through counsel, Amy Fellows Cline. The Defendant/Counter Claimant/Third Party Plaintiff, 84 Lumber Company, L.P. ("84 Lumber"), appeared through counsel, Tony Shapiro. The Third Party Defendant, Truss Ops North, LLC d/b/a Latco Truss ("Latco"), appeared through counsel, Danielle Uzelac and John E. Franke.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval,

or by order of the court to prevent manifest injustice. Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(b).

**1.     PRELIMINARY MATTERS.**

    **a.     Subject-Matter Jurisdiction.** Subject-matter jurisdiction is invoked under 28 U.S.C. § 1332, and is not disputed.

    **b.     Personal Jurisdiction.** The court's personal jurisdiction over the parties is not disputed.

    **c.     Venue.** Venue in this court is not disputed.

    **d.     Governing Law.** Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law:

> Kansas state law as to (1) Breach of Contract, (2) Breach of Implied Warranty of Merchantability under K.S.A. 84-2-104 and 84-2-314, *et. seq.*, (3) Negligence.

**2.     STIPULATIONS.**

    **a.**     The following facts are stipulated:

        1. Plaintiff entered into a contract agreement with Ohana Land Company, LLC for construction of the Primrose School of Blue Valley located at 8300 W. 165th Street, Overland Park, KS 66223.

        2. Ohana Land Company, LLC was the Owner for the Primrose Project.

        3. Plaintiff was the general contractor for the Primrose Project.

        4. CASCO Diversified Corporation was the architect of record for the Primrose Project.

> 5. In June 2017, plaintiff and defendant entered into an agreement for defendant to provide trusses and associated hardware related to the construction of the Primrose Project.
>
> 6. On or about June 17, 2017, defendant ordered a truss package with hardware from third-party defendant as requested by plaintiff pursuant to the plans and specifications provided by plaintiff.
>
> 7. On July 17, 2017, the truss package and associated hardware was delivered to the Primrose Project site.
>
> 8. The trusses manufactured by third-party defendant were installed at the Primrose building.

**b.** The parties have stipulated to the admissibility of the following exhibits for purposes of summary judgment and trial:

The parties have not yet stipulated to the admissibility of any exhibits.

**3. FACTUAL CONTENTIONS.**

**a. Contentions of Plaintiff/Counter Defendant.**

Icon was the general contractor for the construction of a building which is commonly known as the Primrose of Blue Valley located in Overland Park, Kansas (the "Building"). Icon entered into an agreement with 84 Lumber to provide trusses, lumber, windows and associated hardware for the Building in exchange for compensation. 84 Lumber ordered a truss package with hardware from Latco for the Building. The truss package with hardware was requested by Icon and 84 Lumber pursuant to the plans and specifications provided by Icon. Icon alleges that the trusses manufactured for the project were improperly manufactured, defective, and nonconforming to the project plans and specifications, and seeks an amount of at least $267,786.50 in damages. Icon further alleges that it provided construction drawings and other information requested by Latco for the manufacture of the trusses.

Icon answered all of Latco's questions about the trusses, prior to their fabrication. Latco did not submit one single request for information about the trusses, until after the defects in the trusses were discovered. Latco was aware the truss fabricator was ultimately responsible for providing trusses that conformed with the plans and specifications for the project, and it has admitted the trusses it provided did not conform. Icon attempted to work with the Owner, to make repairs and changes to the building, and to mitigate its damages. The Owner did not accept Icon's proposal.

The causes of action asserted by Icon against 84 Lumber are breach of contract and breach of implied warranty of merchantability. Regarding 84 Lumber's counterclaim for breach of contract, Icon denies liability for 84 Lumber's claimed damages on the grounds of estoppel, laches, waiver, and set-off. 84 Lumber is also barred from recovery of its claimed damages against Icon, because such damages were caused by the intervening, superseding or independent acts, omissions, breaches, negligence or fault of Latco and/or 84 Lumber.

### b. Contentions of Defendant/Counter Claimant/Third Party Plaintiff.

84 Lumber alleges that Icon owes it $109,279.07, pursuant to an agreement it entered into with Icon to provide trusses, lumber, windows, and associated hardware for the Building. 84 Lumber provided the trusses, lumber, windows, and associated hardware to Icon, but Icon has not paid 84 Lumber for any of the aforementioned materials that it ordered from 84 Lumber. The causes of action asserted by 84 Lumber against Icon are breach of contract and breach of implied warranty of merchantability. Icon claims that the trusses and associated hardware provided to it were defective and did not conform to the parties' agreement, specifications or construction drawings provided, and that it withheld funds as a setoff to its damages.

84 Lumber alleges that Latco is the party responsible for any damages suffered by Icon. Icon entered into an agreement with 84 Lumber to provide trusses, lumber, windows, and associated hardware for the Building in exchange for compensation. 84 Lumber ordered a truss package with hardware from Latco for the Building. The truss package with hardware was requested by Icon and 84 Lumber pursuant to the plans and specifications provided by Icon. 84 Lumber denies that Icon has been damaged or that 84 Lumber is liable to Icon, however, if 84 Lumber is found liable to Icon, then Latco is the responsible and liable party for the damages. In the alternative, if 84 Lumber is deemed liable, said liability should be reduced by the absolute or comparative fault of Icon. The causes of action asserted by 84 Lumber against Latco are Breach of Implied Warranty, Negligence, and Breach of Contract.

### c. Contentions of Third Party Defendant.

Latco denies any breach of contract, breach of implied warranty of merchantability, or negligence, and further denies any issues or deficiencies with the design and manufacture of the truss package. 84 Lumber hired Latco to manufacture trusses and associated hardware for installation at the Building per the specifications and architect plans provided by Icon and 84 Lumber, which Latco relied upon in constructing the truss package for installation at the Building. Latco's agreement for the truss package was with 84 Lumber, not Icon.

Prior to fabrication of the trusses, Latco submitted, and re-submitted with noted revisions/corrections, multiple truss shop drawings to Icon and 84 Lumber. On June 28, 2017, Latco submitted the final revised shop drawings to 84 Lumber, which were approved by Icon's project manager on June 30, 2017. On July 7, 2017, Latco provided Icon with sealed shop drawings of the pre-engineered fabricated trusses which had been approved by Icon. Latco then proceeded with manufacturing the trusses. The trusses were delivered to the Building on July 17, 2017, accepted by Icon's field supervisor and installed thereafter on July 17 and 18, 2017.

Per the "AIA Document A101" contract agreement between Icon and the project Owner, Icon was required to submit the truss shop drawings to the architect for review and approval prior to fabrication. The truss shop drawings were not reviewed or approved by the architect prior to fabrication. Per the "AIA Document A101" contract, Icon was responsible for reviewing the truss shop drawings for accuracy and completeness of details such as dimensions and quantities, among other obligations stated in the agreement.

On July 18, 2017, after installation of the trusses, Icon claimed there were defects with the trusses. On July 27, 2017, Latco provided Icon with sealed revised shop drawings to address Icon's complaints. During an inspection by the project Owner and Icon on August 9, 2017, the inspector noticed the ceiling height in the vaulted room was too low, which led to the apparent determination that the heel height on the trusses was 5 inches too short. Prior to the inspection, Icon never complained about the incorrect ceiling height or noted any revisions or comments in the architect plans or shop drawings regarding the heel heights. The architectural plans are unclear on the exact heel heights required, identifying varying cross-sections with varying heel heights.

After discovery of the heel height discrepancy, Icon, 84 Lumber, and Latco collectively offered a resolution to the project Owner in lieu of removing and replacing the trusses and roof structure. The project Owner ultimately rejected the proposed offer and required the removal and replacement of the trusses in their entirety, including a complete tear-off of the roof and other construction elements, which discovery has revealed was unwarranted, unreasonable and without any justification.

The submitted truss shop drawings were approved for fabrication, the trusses were structurally sufficient, and the removal and disposal of the structurally sufficient trusses, roof decking, and roof covering was unwarranted. Furthermore, Latco provided field corrections to address Icon's complaints with the trusses, and the heel height discrepancy was repairable.

## 4. LEGAL CLAIMS AND DEFENSES.

### a. Legal Claims of Plaintiff.

5

Icon asserts that it is entitled to recover against 84 Lumber upon the following theories:

### Count I: Breach of Contract

Icon entered into a binding and enforceable contract with 84 Lumber, in which 84 Lumber agreed to provide trusses and associated hardware in conformance with plans and specifications provided by Icon. 84 Lumber breached this contract by providing defective trusses which did not conform to the construction drawings or specifications provided. Icon has been damaged in the amount of $267,786.50.

### Count II: Breach of Implied Warranty of Merchantability

84 Lumber is a "merchant" with respect to the trusses it supplied Icon within the meaning of K.S.A. 84-2-104. A warranty that the trusses provided by 84 Lumber must be merchantable is implied by Kansas law in the parties' contract. 84 Lumber has violated this implied warranty of merchantability in the following respects:

    (a)    Due to their numerous defects, the trusses supplied by 84 Lumber would not pass without objection in the trade under the contract description provided per the construction drawings; and

    (b)    Due to their numerous defects, the trusses provided by 84 Lumber were not fit for the ordinary purposes for which trusses are used.

As a direct and proximate result of 84 Lumber's breach of the implied warranty of merchantability, Icon has been damaged in the amount of $267,786.50.

    **b.**    **Defenses of Defendant.**

84 Lumber asserts the following defenses:

As set forth in the pleadings of 84 Lumber in this lawsuit, 84 Lumber's main defense is the assertion that it served as a facilitator between Icon and Latco for the supply and delivery of the at-issue truss package. 84 Lumber admits that it agreed to provide a truss package to Icon pursuant to a contract, but 84 Lumber had no part in the design, creation of specifications or manufacture/assembly of the truss. Again, 84 Lumber asserts that Icon and/or the architect were the parties responsible for the design and creation of the applicable specifications. Latco then manufactured/assembled/created the truss. When questions arose, 84 Lumber's position is that Icon communicated with Latco directly about the at-issue truss. A representative from 84 Lumber was copied or involved with those communications, but at no time did 84 Lumber approve any action, plan, or specification. Therefore, to the extent 84 Lumber is held liable to Icon, 84 Lumber avers that Latco is

wholly responsible for any damages awarded to Icon. Stated another way, either Icon or Latco is responsible for any alleged damages suffered by Icon, and no liability or damage can be attributed to 84 Lumber.

### c.     Defenses of Plaintiff to Defendant's Counterclaim.

Icon denies liability for 84 Lumber's claimed damages on the grounds of estoppel, laches, waiver, and set-off. 84 Lumber is also barred from recovery of its claimed damages against Icon, because such damages were caused by the intervening, superseding or independent acts, omissions, breaches, negligence or fault of Latco and/or 84 Lumber.

### d.     Legal Claims of Third Party Plaintiff.

84 Lumber asserts that it is entitled to recover upon the following theories:

84 Lumber facilitated the supply and delivery of the at-issue truss package, lumber, and windows to Icon. 84 Lumber asserts that to the extent 84 Lumber is found liable to Icon, Latco bears the entire burden of that liability and is the party that must satisfy any damages awarded to Icon.

### e.     Defenses of Third Party Defendant.

Latco asserts the following defenses:

1. 84 Lumber's Amended Third Party Complaint fails to state a claim upon which relief can be granted and is barred from recovery because 84 Lumber failed to comply with the requirements, provisions and obligations under the contract agreement entered into with the project Owner.

2. Latco provided Icon and 84 Lumber with sealed shop drawings of the pre-engineered fabricated trusses prior to building the trusses, which Icon approved.

3. The trusses manufactured by Latco were structurally sufficient.

4. The trusses were designed and built to comply with the Kansas Building Codes.

5. The heel height in question does not affect the overall building performance.

6. Latco provided field corrections to address Icon's complaints with the trusses.

7. Latco was given the approval to build the trusses per the submitted drawings.

8. The removal and disposal of the structurally sufficient trusses, roof decking, and roof covering was unwarranted.

9. Prior to the August 9, 2017, inspection, Icon did not complain about the ceiling height or note any revisions to the heel heights in the architectural drawings or approved shop drawings.

10. The architectural plans, specifications and other construction documents for the Building provided by Icon and 84 Lumber were defective and nonconforming.

11. 84 Lumber's negligence claim is barred due to the economic loss doctrine in that any losses sustained by 84 Lumber or Icon are purely economic losses, barring recovery in tort in this action.

12. Icon's and 84 Lumber's claims are barred or reduced, in whole or in part, by the economic loss doctrine in that any losses sustained by Icon or 84 Lumber are limited to the cost of repair of the trusses. The cost of replacement of the truss system is unreasonable, unwarranted and is not the proper measure of damages.

13. Latco denies that it breached any implied warranties under the UCC to Icon or 84 Lumber.

14. Icon's claims are barred, in whole or in part, pursuant to the accepted work doctrine because Icon accepted and installed the trusses provided by Latco.

15. Icon and 84 Lumber failed to mitigate their damages in that Icon and 84 Lumber had an opportunity to resolve the truss issues without the necessity of removing and replacing the truss system and roof structures in their entirety, but failed to take steps to mitigate the damages and keep the truss system in place.

16. 84 Lumber's and Icon's unwillingness to participate, or contribute financially, in the resolution of the truss issues caused the removal and replacement of the trusses and roof system.[1]

17. Icon's and 84 Lumber's claims are barred or limited by the terms of the construction documents for the truss package, including the design plans,

---

[1] Plaintiff objects to this stated defense, on the grounds that it is not a legal defense to any claim in this action.

specifications and drawings, that governed Latco's work, and which were approved and accepted for use in the construction of the Building.

18. On 84 Lumber's negligence claim, Latco is entitled to an apportionment of fault between and among all appropriate parties, individuals or entities as directed by K.S.A. § 60-258(a).

19. 84 Lumber was comparatively negligent or at fault under K.S.A. § 60-258(a) in the following respects, but which is not limited to the following:

    i. By participating in the approval of the pre-engineered truss shop drawings prior to obtaining the architect's revisions and approval of the shop drawings;

    ii. By providing defective, inaccurate and nonconforming architectural plans and specifications for manufacture of the truss package;

    iii. By failing to equally participate in resolving the truss issues;

    iv. By failing to resolve the issues with the trusses without having to incur the expenses for removing and replacing the trusses and roof system at the Building;

20. CASCO, architect of record (nonparty), was comparatively negligent or at fault under K.S.A. § 60-258(a) in the following respects:

    i. By providing construction plans, specifications and architectural drawings for the Building which were defective, inaccurate and nonconforming;

    ii. By providing architectural plans for the Building which were unclear on the exact heel heights required, identifying varying cross-sections with varying heel heights.

21. If Latco breached any duty, which Latco denies, Icon and 84 Lumber are only entitled to damages for the cost of repair to correct the truss issues. Latco denies that the cost of replacement of the truss system, as claimed by Icon, is the proper measure of damages.

**5.     DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

Plaintiff alleges damages as follows:

1. Icon is seeking $267,786.50 from 84 Lumber for the cost of cover as well as consequential and incidental damages, itemized as follows:

Delayed Time Frame: August 9, 2017 - October 13, 2017 (48 Days See Attached Documentation)

| Description | Page # | Subcontractor / Vendor | Quantity | Units | $/Unit | Total With Tax |
|---|---|---|---|---|---|---|
| Supervision | - | Icon Structures Inc. | 384 | hrs | $85.00 | $32,640.00 |
| Supervision Per Diem | - | Icon Structures Inc. | 48 | ea | $40.00 | $1,920.00 |
| Supervision Hotel/Overnight Stay | #1 | Icon Structures Inc. | 2 | mo | $1,833.00 | $3,666.00 |
| Temporary Job Site Utilities - Electric (Dec/Jan) | #2 | Icon Structures Inc. | 2 | mo | | $523.00 |
| Temporary Job Site Utilities - Gas (Dec/Jan) | #2 | Icon Structures Inc. | 2 | mo | | $2,022.00 |
| Temporary Job Site Utilities - Water (Dec/Jan) | #2 | Icon Structures Inc. | 2 | mo | | $346.00 |
| Propane Heating for Drywall Job Site (Dec/Jan) | #3 | Gerkin Rent-All | 1 | ea | $1,247.00 | $1,247.00 |
| Contractors License Renewal and Continuing Ed. Credits | - | Icon Structures Inc. | 1 | ea | $2,265.00 | $2,265.00 |
| Sanitary Facilities - Site restroom | #4 | Icon Structures Inc. | 6 | ea | $99.00 | $594.00 |
| Equipment Rental - Telehandler Basket | #5 | Foley Rental | 1 | ea | $446.00 | $446.00 |
| Temporary Offices and Storage | #6 | Icon Structures Inc. | 2 | mo | $378.00 | $756.00 |
| Special Inspection - Primrose Construction Manager | #7 | Jennifer (Child Design) | 1 | ea | $3,200.00 | $3,200.00 |
| Project Manager - Additional time | - | Icon Structures Inc. | 192 | hrs | $150.00 | $28,800.00 |
| **Site Work / Demolition** | | | | | | |
| Framing Labor - Demolition of Trusses & Roof Sheathing | #8 | Integrated Construction Services | 1 | ea | $34,100.00 | $34,100.00 |
| Winter Conditions - (blankets, protecting sidewalk install, ect..) | #9 | Steller Concrete | 1 | ea | $3,017.00 | $3,017.00 |
| XGrass remobilization fee due to install over Christmas & New Year holidays due to schedule delay | #10 | XGrass | 1 | ea | $2,500.00 | $2,500.00 |
| Dumpster - for haul off of truss/roof material | #11 | Larry Bair Excavating Roll-Off Services | 1 | ea | $5,429.00 | $5,429.00 |
| **Carpentry** | | | | | | |
| Framing Lumber Materials - (Bracing, ect...) | #12 | Teague Lumber Co. | 1 | ea | $14,964.00 | $14,964.00 |
| Framing labor & equipment to install trusses and roof sheathing | #8 | Integrated Construction Services | 1 | ea | $39,000.00 | $39,000.00 |
| Trusses - (Material Replacement) | #13 | Millcreek Truss | 1 | ea | $40,522.00 | $40,522.00 |
| Simpson Ties - (Truss Structural Hardware) | #14 | Turnipseed | 1 | ea | $1,052.00 | $1,052.00 |
| Roof Decking Material - (Foil Backed Sheathing) | #15 | Star Lumber | 1 | ea | $17,125.00 | $17,125.00 |
| General Labor - Covered up windows that were already installed | - | Icon Structures Inc. | 16 | hrs | $55.00 | $880.00 |
| Framing labor for truss repairs on original trusses (ICS) | #8 | Integrated Construction Services | 1 | ea | $4,575.00 | $4,575.00 |
| **Mechanical** | | | | | | |
| HVAC Labor & Material to Uninstall/Reinstall/Replace | #16 | Green Field Energy Group | 1 | ea | $19,462.50 | $19,462.50 |
| Plumbing Labor & Material to Uninstall/Reinstall/Replace | #17 | Heartland Plumbing | 1 | ea | $4,385.00 | $4,385.00 |
| **Electrical** | | | | | | |
| Electrical Labor & Material to Uninstall/Reinstall/Replace | #18 | Teague Electric | 1 | ea | $2,350.00 | $2,350.00 |
| | | | | | **Total** | **$267,786.50** |

2. Icon is seeking to recover from 84 Lumber pre-judgment interest incurred at the statutory rate on its liquidated sum of $267,786.50, which became due on August 2, 2018;

10

3. Icon is seeking to recover from 84 Lumber post-judgment interest incurred at the statutory rate until paid in full;

4. Icon is seeking to recover its costs; and

5. Icon has withdrawn its claims for attorney's fees.

Defendant/Counter Claimant/Third Party Plaintiff alleges damages as follows:

1. 84 Lumber is now seeking $109,279.77 from Icon for the amount owed on its agreement with Icon for the trusses, lumber, windows, and associated hardware;

2. 84 Lumber is seeking to recover from Latco any judgment amount awarded against 84 Lumber on Icon's Complaint; and

3. 84 Lumber is withdrawing the claims for attorney's fees against Icon and Latco.

**6.    AMENDMENTS TO PLEADINGS.**

None.

**7.    DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by February 14, 2020. Discovery is complete.

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or other pretrial preparations.  Although discovery may be conducted beyond the deadline for completion of discovery <u>if</u> all parties are in agreement to do so, under these circumstances the court will <u>not</u> be available to resolve any disputes that arise during the course of such extended discovery.

**8.     MOTIONS.**

    **a.     Pending Motions.**

    None.

    **b.     Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

*Icon and 84 Lumber may file motions for summary judgment.*

*Latco will be filing a motion for partial summary judgment on 84 Lumber's claim for recovery of pre-judgment interest.*

*Motions in limine will also likely be filed prior to trial.*

The dispositive-motion deadline, as established in the scheduling order and any amendments, is **April 2, 2020**.

The parties should follow the summary-judgment guidelines available on the court's website:

http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent an order of the court.

    **c.     Motions Regarding Expert Testimony.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed in accordance with the dispositive-motion deadline stated above.

**9.     TRIAL.**

The trial docket setting, as established in the scheduling order and any amendments, is **December 1, 2020, at 9:00 a.m., in Wichita, Kansas.**  This case will be tried by jury.  Trial is expected to take approximately 4-5 days.  The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial.  If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge may enter an order or convene another pretrial conference to set deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

IT IS SO ORDERED.

Dated March 18, 2020, at Kansas City, Kansas.

/s Teresa J. James
Teresa J. James
U. S. Magistrate Judge