IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ICON STRUCTURES, INC.,

        Plaintiff/Counter Defendant,

v.

84 LUMBER COMPANY, L.P.,

        Defendant/Counter Claimant/      Case No. 19-1009-JWB
        Third Party Plaintiff,

v.

TRUSS OPS NORTH, LLC, d/b/a LATCO TRUSS,

        Third Party Defendant.

### MEMORANDUM AND ORDER

This matter comes before the court on 84 Lumber's motion to amend the pretrial order (Doc. 98). The motion has been fully briefed and the court is prepared to rule. (Docs. 99, 100, 101, 102.) For the reasons stated herein, 84 Lumber's motion is GRANTED IN PART and DENIED IN PART.

### I.    Facts and Procedural History

Plaintiff Icon Structures, Inc. ("Icon") was the general contractor for the construction of the Primrose of Blue Valley, a building located in Overland Park, Kansas (the "building"). Icon contracted with Ohana Land Company, LLC, who was the owner of the building. As the general contractor, in June 2017, Icon contracted with 84 Lumber to provide certain building materials. The parties did not execute a formal written contract. 84 Lumber was to provide both windows and a truss package for the construction of the building.

1

On or about June 17, 2017, 84 Lumber ordered a truss package from a third party, Latco, a truss designer and manufacturer.  (Doc. 66 at 3.)  The parties dispute 84 Lumber's involvement in the design and construction of the truss package.  84 Lumber asserts that it played no role in the design and construction of the truss package.  Icon asserts that the trusses were defective and did not conform to the construction drawings or specifications that it provided to 84 Lumber who in turn provided them to Latco.

On January 17, 2019, Icon filed this action against 84 Lumber alleging breach of contract and breach of implied warranty of merchantability. (Doc. 1.)  84 Lumber filed an answer and asserted a counterclaim against Icon for breach of contract in that Icon failed to pay the invoices for the windows and the truss package.  (Doc. 4.)  84 Lumber also filed a third-party complaint against Latco for breach of implied warranty, negligence, and breach of contract.  In its answer, Latco asserted various defenses.  (Doc. 5.)  The pretrial order in this matter now controls.  (Doc. 66.)

In the pretrial order, Icon's claims include breach of contract and breach of implied warranty of merchantability against 84 Lumber.  (*Id.* at 6.)  In the legal claims section of the pretrial order, 84 Lumber stated that to the extent that it is liable to Icon, Latco bears the burden of that liability.  (*Id.* at 7.)  84 Lumber did not set forth any additional claims against Icon or Latco. However, in the contentions section of the pretrial order, 84 Lumber stated that Icon owes it $109,279.07 for the work under the agreement.  (*Id.* at 4.)  84 Lumber further asserted that it has brought claims of breach of implied warranty, negligence, and breach of contract against Latco. Latco asserted several defenses in the pretrial order, including that 84 Lumber's third party complaint fails to state a claim, that 84 Lumber's negligence claim is barred due to the economic

loss doctrine, that 84 Lumber was at fault, and that Latco did not breach any implied warranties under the UCC.  (*Id.* at 7-8.)

84 Lumber moved for summary judgment on Icon's claims.  The court denied 84 Lumber's motion.  (Doc. 91.)  84 Lumber also moved for summary judgment on Latco's defense asserting that at 84 Lumber was at fault.  (*Id.* at 11-12.)  The court denied the motion.  The court also noted that Latco raised the defense of the economic loss doctrine in the pretrial order although the parties did not raise this issue on summary judgment.  Under Kansas law, the economic loss doctrine prevents a party from recovering purely economic losses in a tort claim "in circumstances governed by the law of contracts." *BHC Dev., L.C. v. Bally Gaming, Inc*., 985 F. Supp.2d 1276, 1287 (D. Kan. 2013) (citations omitted).

After entering the order on the summary judgment motions, the court held a pretrial conference in this case to discuss the claims set forth in the pretrial order.  During the pretrial conference, 84 Lumber notified the court that it was voluntarily dismissing its negligence claim. 84 Lumber took the position that it could proceed on its remaining claims against both Icon and 84 Lumber.  The court observed that 84 Lumber's claims section in the pretrial order did not set forth these claims and that the parties should submit an agreed-to amended pretrial order.  The court noted that there did not appear to be any question that the claims remained in the case due to the claims being mentioned in other sections of the pretrial order.  84 Lumber also maintained that it could present a comparative fault instruction to the jury on the breach of contract claims.  The court instructed 84 Lumber to provide legal authority for this position and file a motion to amend the pretrial order.  84 Lumber has now moved to amend the pretrial order.

## II.    Analysis

Under the Federal Rules of Civil Procedure, the pretrial order may be modified to prevent manifest injustice. Fed. R. Civ. P. 16(e). In determining whether to modify the pretrial order, the court considers the following: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Debord v. Mercy Health Sys. of Kansas, Inc*., No. 10-4055-SAC, 2012 WL 589261, at *2 (D. Kan. Feb. 22, 2012) (quoting *Davey v. Lockheed Martin Corp*., 301 F.3d 1204, 1210 (10th Cir. 2002)).

84 Lumber moves to amend the pretrial order to include the following: 1) a statement that the UCC applies to all contracts; 2) specific claim assertions of breach of contract against Icon and breach of contract and breach of implied warranty against Lacto; and 3) apportionment of fault on the breach of contract claims. Both Icon and Latco object to the addition of the apportionment of fault section. Icon objects to certain language in the specific claim assertions against Latco and requests an addition. (Doc. 99.) Latco objects to the inclusion of the breach of contract claim on the basis that the parties have admitted that there is no contract between Latco and 84 Lumber. (Doc. 100.)

UCC. Turning first to the governance of the UCC, the parties all agreed during the pretrial conference that the UCC was applicable as the truss package constitutes goods and they were all merchants under the UCC. Now, Latco seeks to modify the statement based on its claim that there is no contract between it and 84 Lumber. Latco claims that the parties agreed during the pretrial conference that Latco and 84 Lumber did not have a contract and, if a contract exists, Latco requests that 84 Lumber produce the contract. (Doc. 100 at 2.) During the pretrial conference, the parties informed the court that there was no **written** agreement but did discuss the existence of an agreement in that 84 Lumber purchased the truss package from Latco. Therefore, Latco's

objection to this language is overruled.  The court finds that the addition of this language is necessary so that all parties can prepare for trial based on the applicable law.

<u>Claims.</u>  With respect 84 Lumber's claims against Latco, Latco's objection is not based on prejudice or surprise but rather the argument that there is no such contract.  (Doc. 100 at 2.)  As discussed, this argument lacks merit.  Latco does not object to the language regarding 84 Lumber's claim of breach of implied warranty.  84 Lumber's motion to amend the pretrial order to include these claims against Lacto is granted.  These claims have been present in the case since 84 Lumber filed its counterclaim and they were identified in the contentions section in the pretrial order.  The addition of the claims does not result in surprise or prejudice to Latco and they are not new claims. Moreover, during the pretrial hearing, 84 Lumber informed the court that they were absent from the claims section due to mistake.

With respect to 84 Lumber's breach of contract claim against Icon, Icon states that it has no objection but seeks to add a sentence that Icon disputes the validity of the claim and the accuracy of 84 Lumber's description of the terms of the contract.  84 Lumber does not object to this additional language.  Therefore, 84 Lumber may modify the claims section to include the breach of contract claim and include Icon's proposed language.  Icon also objects to certain language that is included in 84 Lumber's description of its claims against Latco.  Essentially, Icon wants to strike any language that suggests it was at fault or that Icon failed to properly design the truss.  (Doc. 99 at 2.)  84 Lumber objects to Icon's attempt to "redline" its claims and asserts that Icon may indicate that it disputes the validity of the claims.  (Doc. 101.)  The court declines to do a line by line evaluation of the breach of contract claim as presented by 84 Lumber.  84 Lumber's position regarding Icon's involvement in the construction of the truss package has been present throughout

this litigation.  Icon, however, may include a statement at the conclusion of the claims disputing the validity and representations in 84 Lumber's claims.

 <u>Apportionment of Fault.</u>  Finally, 84 Lumber seeks to add a section to the pretrial order regarding apportionment of fault.  84 Lumber asserts that the jury should be able to apportion fault in the breach of contract claims.  84 Lumber concedes that the weight of authority does not allow for apportionment of fault in contract cases.  Icon and Latco object to this addition on the basis that apportionment of fault is not allowed under Kansas law in a claim for breach of contract.  In support of its position, 84 Lumber cites to *Aguinaga v. United Food & Commercial Workers Int'l Union, AFL-CIO/CLC*, 720 F. Supp. 862 (D. Kan. 1989).  Although that case apportioned fault, it was a hybrid breach of contract/breach of duty of fair representation case under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  *Id.* at 865.  It was not a breach of contract case applying Kansas law.  The Kansas Supreme Court has consistently held that comparative fault does not apply to an action for consequential damages for breach of contract.  *See Spirit Aerosystems, Inc. v. SPS Techs., LLC*, No. 09-CV-1144-EFM-KGG, 2013 WL 6196314, at *10 (D. Kan. Nov. 27, 2013) (citing *Haysville U.S.D. No. 261 v. GAF Corp.*, 666 P.2d 192, 199 (Kan. 1983)); *Broce–O 'Dell Concrete Prods., Inc. v. Mel Jarvis Constr. Co.*, 634 P.2d 1142, 1145 (Kan. App. 1981) ("It is well settled that contributory negligence is no defense to a breach of contract.").  "Of course 'fault' does play some part in contract actions in that it may bear on the broader question of damages. One who breaches a contract is liable for damages caused by the breach; he is not liable for damages flowing from other causes whether or not those other causes have the connotations of culpability associated with the term 'fault.'"  *Broce-O'Dell*, 634 P.2d at 1145.

84 Lumber is free to argue to the jury that it is not the cause of Icon's damages even if it breached the agreement.  However, the jury will not be provided with an instruction that tells it to apportion fault between the parties.

**III.     Conclusion**

84 Lumber's motion to modify the pretrial order (Doc. 98) is GRANTED IN PART and DENIED IN PART.   The parties are to submit a draft amended pretrial order to chambers incorporating the changes allowed in this order by December 21, 2020.

IT IS SO ORDERED.  Dated this 10th day of  December 2020.

__ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE